IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**BRIAN K. THOMSON,**

**Plaintiff,**

**v.**

**ODIE WASHINGTON,**
**et al.,**

**Defendants.**                                                  No. 01-CV-0526-DRH

**ORDER**

**HERNDON, District Judge:**

Before the Court is defendant Odie Washington's motion to set aside the entry of default entered by the Clerk of Court on July 5, 2005, due to Washington"s failure to timely answer or otherwise respond to the complaint (Doc. 34).  Plaintiff objects that to the  motion, arguing that "bumbling" does not constitute good cause for setting aside the default (Doc. 40).  Based on the following, the Court grants the motion to vacate.

Defendant Washington was director of the Illinois Department of Corrections at all times relevant to the issues in this case, but prior to receipt of the request for waiver of summons he left that position and took a job in Washington, D.C.  Defendant Washington did timely executed a waiver of summons (Doc. 19).  However, he explains that he neglected to forward the complaint to the Illinois Attorney General and request representation by that office and therefore no responsive pleading was filed  (Doc. 35).  Default was entered July 5, 2005 (Doc. 28).

Washington has since taken action to secure representation by the Illinois Attorney General, and counsel has entered on his behalf (Doc. 33).

Federal Rule of Civil Procedure 55(c) permits an entry of default to be set aside upon a showing of good cause.  Washington's failure to forward the complaint to the Illinois Attorney General was clearly an oversight, and his waiver of service evinces his intent to actively join in this litigation.  Moreover, as Washington notes, the Prison Litigation Reform Act, 42 U.S.C. § 1997e(g)(1), provides that <u>no</u> relief can be granted to plaintiff, even if default is entered, unless a reply is filed.  The Court cannot simply ignore Section 1997e(g)(1) as plaintiff suggests.  It is in plaintiff's interest, and the interest of justice, to set aside the entry of default.

Accordingly, the Court **GRANTS** Odie Washington's motion to set aside the entry of default (Doc. 34).  The Court **VACATES** the July 5, 2005 entry of default (Doc. 28).

**IT IS SO ORDERED.**

Signed this 10th day of July, 2006.

/s/      David   RHerndon
**United States District Judge**