IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **BRIAN K. THOMSON,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil No. **01-526-DRH** |
| | ) | |
| **ODIE WASHINGTON, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

**PROUD, Magistrate Judge:**

Before the Court is defendant Washington's motion for a more definite statement, pursuant to Federal Rule of Civil Procedure 12(e).  **(Doc. 36).**  Washington asserts that the majority of Plaintiff's allegations are conclusory and without any specific underlying facts regarding when or who was involved, thereby making it impossible for him to prepare a responsive pleading to the complaint.  Specifically, Washington requests the following additional information:

(a) Dates on which legal materials/property were lost.

(b) The cases the lost materials relate to.

(c) The harm caused by the loss of legal property.

(d) Dates on which medical treatment was denied.

(e) The condition for which medical treatment was denied.

(f) Individuals responsible for denial of medical treatment.

(g) Dates on which Plaintiff was placed in a smoking cell.

    (h) The grievance/legal action which prompted retaliation.

    (I) Individuals responsible for retaliation.

    (j) Dates on which retaliation occurred.

    (k) Nature of retaliation.

A confusing pleading is not ordinarily a fatal defect. ***Fidelity National Title Insurance Company of New York v. Intercounty National Insurance Company***, **412 F.3d 745, 749 (7th Cir. 2005).** Thus, it was not inconsistent for the Court to recognize an actionable claim in the threshold review– particularly since Federal Rule of Civil Procedure 8(a) requires only "notice" pleading.

A review of the complaint confirms that plaintiff's allegations are certainly too vague and ambiguous for a defendant to formulate a responsive pleading. Plaintiff has essentially omitted necessary details regarding who did what, when. Plaintiff does not specify what any particular defendant allegedly did or did not do, nor does he identify what legal actions the defendants allegedly interfered with, when any of the alleged wrongdoing occurred.

**IT IS THEREFORE ORDERED** that defendant Washington's motion for more definite statement **(Doc. 37)** is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **July 31, 2006**, plaintiff shall file a More Definite Statement, providing the aforementioned information, specifically including the details requested by defendant Washington (items a-k listed above). In accordance with Federal Rule of Civil Procedure 12(e), failure to comply with this order is likely to result in the complaint being stricken and the case dismissed.

**IT IS SO ORDERED.**

**DATED: July 10, 2006**

                **s/ Clifford J. Proud**
                **CLIFFORD J. PROUD**
                **U. S. MAGISTRATE JUDGE**