IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BRIAN K. THOMSON,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| V. ) | Civil No. **01-526-DRH** |
| ) | |
| **ODIE WASHINGTON, et al.,** ) | |
| ) | |
| Defendants. ) | |

## ORDER

**PROUD, Magistrate Judge:**

Before the Court is defendant Snyder's motion pursuant to Federal Rule of Civil Procedure 12(e) for a more definite statement. **(Doc. 56).** Put succinctly, defendant Snyder requests that plaintiff set forth who allegedly did what, and when.

A confusing pleading is not ordinarily a fatal defect. ***Fidelity National Title Insurance Company of New York v. Intercounty National Insurance Company***, 412 F.3d 745, 749 (7th **Cir. 2005).** Thus, the Court of Appeals for the Seventh Circuit reversed the District Court's threshold dismissal of plaintiff's complaint for failure to state a claim. **(Doc. 13).** Federal Rule of Civil Procedure 8(a) requires only "notice" pleading. However, Federal Rule of Civil Procedure 12(e) provides that a more definite statement may be required if the pleading is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading.

The appellate court acknowledged that the complaint was "artless," and advised, "If the defendant needs more information, he can serve a contention interrogatory." **(Doc. 13).** This Court's review of the complaint confirms that it is lacking in many details that would certainly expedite one's understanding of the claims and undoubtedly aid the defendant in formulating his

1

defense for trial.  However, each paragraph is relatively easy to understand; therefore, the Court finds it reasonable for defendant to formulate a responsive pleading.  The Advisory Committee Notes to the 1946 Amendment to Rule 12(e) reflect, discovery is the means by which to flesh out an artless complaint, not a more definite statement, which would be tantamount to holding plaintiff to a heightened pleading standard– something the appellate court already clearly rejected.

**IT IS THEREFORE ORDERED** that defendant Snyder's motion for a more definite statement **(Doc. 56)** is **DENIED**.

**IT IS SO ORDERED.**

**DATED: September 8, 2006**

<u>s/ Clifford J. Proud</u>
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**