IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **BRIAN K. THOMSON,** | ) | |
| Plaintiff, | ) ) ) | |
| V. | ) ) | Civil No. **01-526-DRH** |
| **ODIE WASHINGTON, et al.,** | ) ) ) | |
| Defendants. | ) | |

## **ORDER**

**PROUD, Magistrate Judge:**

Before the Court is defendants Washington and Snyder's motion to stay the June 1, 2007, dispositive motion deadline. **(Doc. 73).** Defendants assert that they cannot properly formulate a dispositive motion because plaintiff's answers to defendants' contention interrogatories are illegible. By order dated January 29, 2007, the Court granted a similar motion and revised the pretrial schedule accordingly, such that the discovery cutoff was May 1, 2007, and the dispositive motion deadline was June 1, 2007. **(Doc. 69).**

Defendants received plaintiff's responses to their interrogatories on February 23, 2007. By letter dated March 7, 2007, defendants cited their concerns about he illegibility of some of the responses, to no avail. A subsequent letter sent to plaintiff on May 23, 2007, brought no response, so the subject motion was filed a week later, on June 1, 2007. When their March 7, 2007, letter went unanswered, rather than file a motion to compel, defendants took no action for over two months, despite the intervening May 1, 2007, discovery cutoff. Defendants surely could have quickly obtained all of the information they needed by deposing plaintiff, but they apparently did not opt to do so. Instead, they waited until the very deadline for filing dispositive motions to move to "stay the deadline to file dispositive motions until after resolution of the above stated discovery

matter."

There is no pending discovery dispute. Defendants never filed a motion to compel plaintiff to submit legible responses to their interrogatories. This case was filed in August 2001, and was reopened in April 2004, upon the mandate of the Court of Appeals for the Seventh Circuit; therefore, its final resolution is long over due. In keeping with the Civil Justice Expense and Delay Act, 28 U.S.C. § 473, the previous schedule was specifically geared to reaching final resolution of this case by October 1, 2007. The pretrial schedule has already been extended once on the defendants' motion, but defendants did little or nothing to progress matters. Therefore, defendants have failed to show good cause for further amending the pretrial schedule.

From the Court's perspective, all that is needed is a final pretrial order and this case can proceed to trial. The final pretrial order will set the issues for trial, regardless of any perceived ambiguities in the complaint. ***See Vaughn v. King*, 167 F.3d 347, 352 (7th Cir. 1999) ("Pretrial orders supersede the pleadings.");** *see also* **Fed.R.Civ.P. 16(e).** After reviewing the parties' proposed final pretrial order the Court will be better able to assess whether this case is in a posture for trial.

**IT IS THEREFORE ORDERED** that the defendants' motion to stay the June 1, 2007, dispositive motion deadline **(Doc. 73)** is **DENIED**. A final pretrial conference will be set by separate order.

**IT IS SO ORDERED.**

**DATED: June 19, 2007**     s/ Clifford J. Proud
                              **CLIFFORD J. PROUD**
                              **U. S. MAGISTRATE JUDGE**