IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BRIAN K. THOMSON,** | ) |
| Plaintiff, | ) ) ) |
| V. | ) Civil No. **01-526-CJP**[1] |
| **ODIE WASHINGTON, et al.,** | ) ) ) |
| Defendants. | ) ) |

### ORDER

**PROUD, Magistrate Judge:**

Plaintiff Brian K. Thomson is before the Court seeking reconsideration and relief from the judgment entered in favor of the defendants and against plaintiff in the above-captioned civil rights action. **(Doc. 94).** A review of the record reveals that by order dated January 15, 2008, the Court granted defendants Washington, Snyder and Oakley's motion for summary judgment and sua sponte dismissed the unserved "John Doe" defendants. **(Doc. 90).** Final judgment was entered January 16, 2008. **(Doc. 91).**

Plaintiff contends that, because he is allowed access to his legal materials for only 45 minutes per week, it has taken him until now to determine that he had never received the affidavit of Angela Cooper specifying that the "Lt. Oakley"[2] served in this action had never worked at

---

[1] In accordance with 28 U.S.C. § 636(c)(1), upon the consent of the parties, Chief Judge David R. Herndon referred this action to the undersigned magistrate judge for all further proceedings, through and including entry of final judgment. **(Docs. 17, 78 and 81).**

[2] The complaint refers to defendant "Lt. Oakly." Richard Oakley entered his appearance in this case and was eventually granted summary judgment for lack of personal involvement– essentially because he was not the intended defendant.

1

Menard Correctional Center and was the wrong person/defendant.[3] Plaintiff contends that, had he received that affidavit, he "would have immediately raised Hades, corrected [the defendants'] misdirection, and caused service to be effected upon the correct Lt. Oakley." **(Doc. 94, p. 2).**

Federal Rule of Civil Procedure 60 provides in pertinent part:

> **(b) Grounds for Relief from Final Judgment or Order, or Proceeding.**
> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
>> **(1)** mistake, inadvertence, surprise, or excusable neglect;
>>
>> **(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>>
>> **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>>
>> **(4)** the judgment is void;
>>
>> **(5)** the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>> **(6)** any other reason that justifies relief.
>
> **(c) Timing and Effect of the Motion.**
>
>> **(1)** *Timing.* A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.
>>
>> **(2)** *Effect on Finality.* The motion does not affect the judgment's finality or suspend its operation.
>
> **(d) Other Powers to Grant Relief.** This rule does not limit a court's power to:

---

[3] Plaintiff cites the affidavit as "Doc. 30," which is a letter to the U.S. Marshal from litigation coordinator Kellie L. Peterson, dated August 16, 2005, suggesting the Lt. Oakley served may not be the person plaintiff meant to be the defendant. **(Doc. 30).** The Court does not have reason to believe that the letter was sent to plaintiff, but that would be because it was correspondence between non-parties– the litigation coordinator and the U.S. Marshal. Cooper's affidavit was submitted in connection with the October 1, 2007, motion for summary judgment. **(Doc. 85-4, p. 2).** Plaintiff did not timely reply to the motion for summary judgment. His response was received the day after judgment was entered, and 118 days after the motion for summary judgment was filed. **(Doc. 93).**

> **(1)** entertain an independent action to relieve a party from a judgment, order, or proceeding;
>
> **(2)** grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action; or
>
> **(3)** set aside a judgment for fraud on the court.

**Fed.R.Civ.P. 60.**

The Court would characterize plaintiff's motion as seeking relief pursuant to Rule 60(b)(3), based on the alleged misrepresentation or "misdirection" of the defendants in purportedly not sending plaintiff a copy of Angela Cooper's affidavit indicating the wrong "Lt. Oakley" had been served with summons and the complaint. Far more than one year has passed since judgment was entered. Therefore, no relief can be granted based specifically on Rule 60(b)(3). **Fed.R.Civ.P. 60(c)(1).**

In the alternative, plaintiff generally argues that allowing the judgment to stand would be an injustice, which would place this motion within the parameters of Rule 60(b)(6). A motion pursuant to Rule 60(b)(6) does not have to be filed within one year after judgment; rather, it must be filed within a "reasonable time." **Fed.R.Civ.P. 60(c)(1).** More than 20 months passed between the entry of final judgment and the filing of the subject motion. Plaintiff's explanation, that his time with his legal papers was limited and the search for the affidavit difficult, is not well taken. Plaintiff specifically contends he did not receive Cooper's affidavit and or "Doc. 30"– meaning that had he been aware that the "wrong" Lt. Oakley was in the case, he would have taken steps to remedy the error. However, during the discovery period, plaintiff did not discern that the "wrong" Lt. Oakley was in the case. That failure to properly investigate lies with plaintiff and plaintiff alone. Furthermore, plaintiff never moved for an extension of time to respond to the motion for summary judgment. His response was filed after judgment was entered– about three months late. Plaintiff

explains why his review of his records took so long, but he offers no explanation for not seeking an extension of time or otherwise seeking reconsideration in a more timely fashion. Also, upon reading the Court's order granting summary judgment and receiving the final judgment, he could have filed his motion or an extension of time or a motion for relief then– the alleged error would have been immediately apparent. Twenty months is far too long to delay for not addressing the situation in some manner.

Insofar as plaintiff suggests the defendants or prison officials committed a fraud on the Court that would permit him to proceed under Rule 60(d)(3), he has offered no evidence of fraud, just his bald assertion. As noted above, the first suggestion of a problem appears in correspondence from the Department of Corrections litigation coordinator four years ago. The Court does not doubt that plaintiff was unaware of that particular correspondence, which was between non-parties– the litigation coordinator and the U.S. Marshal. That does not mean that there was any fraud or "misdirection." Therefore, Rule 60(d)(1) is also a dead end for plaintiff relative to defendant Oakley.

Plaintiff's motion does not specifically pertain to defendants Washington or Snyder, or the "John Doe" defendants. However, plaintiff's incorporated brief does generally argue that he objects to the Court's reliance on the affidavit of Terri Anderson, Manager of the Office of Inmate Affairs, that oversees record keeping for the Administrative Review Board, which stated that neither Director Washington, nor Director Snyder personally reviewed any grievances filed by plaintiff Thomson. **(Doc. 85-4, p. 1).** Plaintiff generally indicates that he has been reviewing documents looking for handwriting samples. Again, plaintiff has not explained why he did not move for an extension of time to respond to the motion for summary judgment. And, the Court does not find a 20 month

4

delay in filing a motion for relief from judgment reasonable, even if plaintiff were allowed only 45 minutes per week with his legal papers.

Plaintiff also contends the Court denied him meaningful discovery, which presumably would have uncovered evidence needed to counter the motion for summary judgment.  Plaintiff did not raise that issue in a timely fashion– waiting two months after the close of discovery to file a motion to compel the defendants to produce requested discovery materials.  **(Doc. 92).**  Plaintiff cannot bootstrap his failed argument that he was denied an adequate opportunity for discovery to his failure to identify and serve the "John Doe" defendants.  Plaintiff has not offered a reasonable explanation for why these issues were not properly and/or adequately presented during the pretrial phase of this case, let alone a reasonable explanation for not raising these discovery issues in a post-judgment motion before now.

Plaintiff cannot use Rule 60 to attempt to start this case anew, to obviate a chain of missed deadlines, or as a means to circumvent his failure to file a timely appeal.  Put succinctly, plaintiff's stated explanation for the 20 month delay in filing the subject motion is entirely unreasonable– the motion was not dependent upon any documentation.

**IT IS THEREFORE ORDERED** that,  for the aforestated reasons, plaintiff's motion  for reconsideration and relief from the judgment entered in favor of the defendants and against plaintiff in the above-captioned civil rights action  **(Doc. 94)** is **DENIED**.

**IT IS SO ORDERED.**

DATED:  September 17, 2009          s/ Clifford J. Proud
                                    **CLIFFORD J. PROUD**
                                    **U. S. MAGISTRATE JUDGE**

5