IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BRIAN K. THOMSON,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) Civil No. **01-526-CJP**[1] |
| | ) |
| **ODIE WASHINGTON, et al.,** | ) |
| | ) |
| Defendants. | ) |

## ORDER

**PROUD, Magistrate Judge:**

Plaintiff Brian K. Thomson is before the Court seeking to have the appellate filing fee paid relative to his 2004 appeal applied to his current appeal. **(Doc. 99).** Plaintiff contends this Court incorrectly failed to refund that fee when plaintiff's initial appeal was successful. The Court construes the subject motion as including a request for reconsideration of the previous order denying plaintiff leave to file a bill of costs out of time. **(Doc. 24).**

A review of the district court and appellate court records reveals that plaintiff simultaneously filed motions in both courts seeking leave to file his bill of costs out of time. The appellate court granted plaintiff's motion, allowing the bill of costs to be filed. However, the appellate court did not forward that order to the district court.[2] This court subsequently denied plaintiff's motion, finding no excusable cause for plaintiff's belatedly seeking costs. **(Doc. 24).** In light of the fact that

---

[1] In accordance with 28 U.S.C. § 636(c)(1), upon the consent of the parties, Chief Judge David R. Herndon referred this action to the undersigned magistrate judge for all further proceedings, through and including entry of final judgment. **(Docs. 17, 78 and 81).**

[2] The events at issue occurred prior to implementation of electronic filing in the appellate court.

1

the appellate court's ruling rendered the ruling in the district court moot, this Court's March 14, 2005, order will be vacated.  Because the bill of costs was never transmitted to the District Court, plaintiff's bill of costs **(Doc. 18)** will be filed.

Although the appellate court granted plaintiff's motion to file a bill of costs for $122.29 instanter, the bill of costs was not allowed or granted as plaintiff asserts, it was merely filed.  A review of the appellate court's docket confirms that costs were <u>not</u> ordered as part of the final judgment and mandate. **(*See Thompson v. Washington*, No. 03-2304, 4/1/04 and 4/23/04 docket entries (7th Cir. filed October 14, 2003).**

Federal Rule of Appellate Procedure 39(a)(3) permits the costs of appeal to be taxed against the appellee if the district court's judgment is reversed on appeal.  Rule 39(e) further allows the appellate filing fee to be taxed in the district court; therefore, this Court may entertain plaintiff's bill of costs, as the issue of from whom would such costs be assessed must be determined.   In any event, in this instance there was no appellee. **(*See Thompson v. Washington*, No. 03-2304, 11/5/03 docket entry (7th Cir. filed October 14, 2003).**  Insofar as the Court could be viewed as the appelle or a source of reimbursement, costs may only be assessed against the United States or its agencies and officers if authorized by law.  **Fed.R.App.P. 39(b).**  The Equal Access to Justice Act, 28 U.S.C. § 2412, which authorizes the taxation of costs against the United States is inapplicable, in that the United States was not a party to the appeal– again because there was no appellee, per se.  Therefore, plaintiff's motion for costs fails.  Consequently, there is no refunded appellate fee to be applied to plaintiff's new appeal.

**IT IS THEREFORE ORDERED** that the subject motion **(Doc. 99)** is **GRANTED IN PART AND DENIED IN PART** for the reasons set forth above.  Accordingly, the Court's order

dated March 14, 2005 **(Doc. 24 (denying Doc. 18))** is hereby **VACATED**.  Upon reconsideration, plaintiff's motion for leave to file a bill of costs out of time **(Doc. 18)** is **GRANTED**; the Clerk of Court shall file plaintiff's bill of costs **(Doc. 18).**

**IT IS FURTHER ORDERED** that plaintiff's bill of costs **(Doc. 105)** is **DENIED** for the reasons set forth above.

**IT IS FURTHER ORDERED** that the Clerk of Court shall forward a copy of this order to the Court of Appeals for the Seventh Circuit, as it is relevant to one of the issues raised in plaintiff's pending appeal.

**IT IS SO ORDERED.**

**DATED: November 13, 2009**

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**